UTICA,
August, 1827.

Ex parte
Brooks.

## *Ex parte ANNA BROOKS.

On appeal from a justice's court, the appeal bond must be executed by the party, or one of the parties appealing.

THE relator attempted to appeal to the Madison C. P. from a judgment before a justice in favor of Bennett against her; but the bond was signed "Anna Brooks, by G. & P., her attorneys." It was executed properly by the surety.

Executing by the surety alone is not sufficient.

On motion by the appellee, the C. P. quashed the appeal, it not appearing that there was any authority in the attorneys to execute the bond. The court also held that it was not sufficient for a surety alone to execute.

Now, on a motion for a mandamus commanding the C. P. to proceed with the cause,

*This Court* held that the C. P. were right; no authority in the attorneys being shown. They said, the bond must be executed by the party, or by one of the parties; and so were the cases of *The People* v. *The Judges of Dutchess*, and *Ex parte Holbrook*, (5 Cowen, 34, 35.) All the parties need not execute; but some or one of them must. The statute is express, that the party shall execute; and we have usually construed it with great strictness. We are made to say, in one of the cases cited, that the execution of the bond by a surety was enough; and that the party need not execute. We think we must have been misunderstood by the reporter. At any rate, it was not necessary to go so far in either of those cases; for one or more of the parties had executed regularly. The *dictum*, if pronounced, was, therefore, *obiter;* and we avail ourselves of this occasion to correct it.[1]

Motion denied.

[1] The following is the practice in the state of New York, upon appeals from justice's courts, under the Code:—The mode of reviewing judgments, rendered by courts of justices of the peace, is by appeal to the county court of the county where the judgment was rendered. (Code, sec. 352.)

The party appealing is known as the appellant, and the adverse party as

the respondent. But the title of the cause should not be changed, nor the names of the parties reversed, as formerly. (Code, sec. 326.)

Within twenty days after the judgment, an affidavit, as the foundation of the appeal, must be made by, or on behalf of the appellant, stating the substance of the testimony and proceedings before the court below, and the grounds of the appeal. The affidavit may be made by the party bringing the appeal, his attorney, or by any other person who is acquainted with the facts of the case. (Id. sec. 353.)

A copy of the foregoing affidavit, and a notice of appeal, must, within twenty days after the rendering of the judgment, be served on the justice, and on the opposite party. The service on the party, if he is a resident of the city or county, may either be personal, or by leaving the copy affidavit and notice at his residence, with some person of suitable age and discretion; if he is not a resident, the service may be on the attorney or agent, if any, who is a resident of such city or county, who appeared for him on the trial. (Id. sec. 354.)

If the party appealing, wishes to prevent the issuing of execution on the judgment rendered by the justice, he must give security. The security, for the purpose of staying execution, must be a written undertaking, executed by one or more sufficient sureties approved by the county judge, or by the justice who rendered the judgment, to the effect that if judgment be rendered against the appellant, and execution thereon be returned unsatisfied in whole or in part, the sureties will pay the amount unsatisfied. (Id. sec. 356.)

The officer to whom the undertaking is presented, should satisfy himself that the sureties are sufficient, and that no other officer to whom the same may legally be presented for approval, has refused to approve the same.

The delivery of the undertaking to the justice, will stay the issuing of execution. Or, if the execution has already been issued, the service of a copy of the undertaking, certified by the justice, upon the officer holding the execution, will stay further proceedings thereon. (Id. sec. 357.)

When, by reason of the death of a justice of the peace, or his removal from the county, or any other cause, the undertaking on the appeal cannot be delivered to him, it must be filed with the clerk of the appellate court, and notice thereof given to the opposite party, or his attorney or agent. (Id. sec. 358.)

When the affidavit and notice of appeal have been served, the respondent may supply or correct material omissions or mis-statements therein, by an affidavit on his part, a copy of which must be served on the justice, and also the attorney, if any, who prosecutes the appeal, or if there be none, on the appellant, within ten days after receiving notice of the appeal. (Id. sec. 359.)

The justice who rendered the judgment appealed from, must, thereupon, after ten days, and within thirty days after service of the notice of appeal, make a return to the appellate court of the testimony, proceedings, and judgment, and file the same with the affidavits in the appellate court. If the justice refuse to make a return, he may be compelled to do so by attachment. No justice, however, will be bound to make a return, unless the

sum of one dollar be paid him, on service of the notice of appeal. Code, sec. 360, 371.

When a justice of the peace by whom a judgment appealed from was rendered, shall have gone out of office before a return is ordered, he must nevertheless make a return in the same manner and with the like effect, as if he were still in office. (Id. sec. 361.)

If the return be defective, the appellate court may direct a further or amended return, as often as may be necessary, and may compel a compliance with its order by attachment. (Id. sec. 362.)

If a justice of the peace whose judgment is appealed from, die, become insane, or remove from the state, the appellate court may examine witnesses on oath, to the facts and circumstances of the trial or judgment, and determine the appeal, as if the facts had been returned by the justice. If he shall have removed to another county within the state, the appellate court may compel him to make the return, as if he were still within the county where the judgment was rendered. (Id. sec. 363.)

When a return is made, the appeal may be brought to a hearing at a general term of the appellate court, upon a notice by either party of not less than eight days. It must be placed upon the calendar and continue thereon, without further notice, until finally disposed of; but if neither party bring it to a hearing before the end of the second term, the court must dismiss the appeal, unless it continue the same by special order, for cause shown. (Id. sec. 364.)

The appeal must be heard on the original papers; and no copy thereof need be furnished for the use of the court. (Id. sec. 365.)

Upon the hearing of the appeal, the appellate court must give judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits. In giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, and as to any or all the parties, and for errors of law or fact. (Id. sec. 366.)

To every judgment upon an appeal, there must be annexed the affidavits or return on which it was heard, which must be filed with the clerk of the court, and constitute the judgment roll. (Id. sec. 367.)

If judgment be affirmed, costs must be awarded to the respondent. If it be reversed, costs must be awarded to the appellant. If it be affirmed in part, the costs, or such part as to the court shall seem just, may be awarded to either party. (Id. sec. 368.)

If the judgment below, or any part thereof, be collected, and the judgment be afterwards reversed, the appellate court must order the amount collected to be restored, with interest from the time of collection. The order may be obtained, upon proof of the facts made, at or after the hearing, upon a previous notice of six days. (Id. sec. 349.)

If, upon an appeal, a recovery be had by one party, and costs be awarded to the other, the appellate court must set off the one against the other, and render judgment for the balance. (Id. sec. 370.)

The following fees and costs, and no other, except fees of officers, can be allowed on appeals:—

To the appellant on reversal, fifteen dollars.

To the respondent on affirmance, twelve dollars.

To a justice of the peace, for his return, one dollar.

If the judgment appealed from be reversed in part, and affirmed as to the residue, the amount of costs allowed to either party must be such sum as the appellate court may award, not exceeding ten dollars.

If the appeal be dismissed for want of prosecution, no costs can be allowed to either party. (Code, sec. 371.) Waterman's Treatise, p. 228, *et seq.*